42 August 5, 2026 No. 736

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH WILLIAM WEHAGE,
*Defendant-Appellant.*

Multnomah County Circuit Court
14CR20429; A186533

Thomas M. Ryan, Senior Judge.

Submitted June 12, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant. Section B of the brief was prepared by appellant.

Chris Perdue, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

LAGESEN, C. J.

Affirmed.

_____

* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**LAGESEN, C. J.**

Defendant appeals a judgment of conviction entered following his resentencing after defendant obtained post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief contains a Section B. *See* ORAP 5.90(1)(b). We affirm.

Defendant was charged with seven counts of sexual abuse in the first degree, attempted sodomy in the first degree, attempted sodomy in the second degree, and sodomy in the second degree. A jury found defendant guilty as charged, and the trial court sentenced defendant to a total of 225 months' imprisonment. The post-conviction court set aside two of the sexual abuse convictions because they resulted from nonunanimous verdicts, *Ramos v. Louisiana,* 590 US 83, 140 S Ct 1390, 206 L Ed 2d 583 (2020), and, in addition, determined that trial counsel was ineffective for having failed to argue that two other sex abuse verdicts should be merged into a single guilty verdict (Counts 2 and 3). The court vacated the convictions and remanded to the criminal court for further proceedings. On remand, the state dismissed the two counts that were based on nonunanimous verdicts. The court merged the verdicts in Counts 2 and 3 into a single count. The court sentenced defendant to a total of 140 months' incarceration by reimposing the convictions and sentences for the unaffected counts and sentenced defendant on Count 2 to 75 months' imprisonment, ORS 137.700, with 65 months to be served consecutively to the other sentences.

In Section B of the brief, defendant raises five assignments of error. He first argues that his resentencing was unlawful, contending that he may only be sentenced to a total of 75 months after accounting for the two counts that were dismissed and the two that were merged. In his fourth assignment of error, he argues that his sentence was unlawful because the trial court did not order a presentence report nor did it properly take into account his conduct during his incarceration. In his remaining assignments of error, defendant asserts that errors in his underlying criminal proceeding—including the violation of his right to a speedy trial,

issues with the grand jury process, and asserted delays in appointing trial counsel—errors that, he argues, appellate and post-conviction counsel refused to raise, also rendered his resentencing unlawful.

Having reviewed the record, including the trial court file, the transcript of the resentencing hearing, and the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.